# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**TIMOTHY SMITHER individually and on behalf of others similarly situated,**

        **Plaintiff,**

-vs-                                        **Case No. 2:11-cv-65-FtM-29DNF**

**DOLPHIN POOLS OF SW FLORIDA, INC. a Florida corporation, THOMAS M. GRIFFIN, individually,**

        **Defendants.**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration on the Defendants, Dolphin Pools of SW Florida, Inc. and Thomas M. Griffin's Motion to Review and Approve FLSA Settlement and Dismiss Action With Prejudice (Doc. 11) filed on June 7, 2011. The Plaintiff, Timothy Smither and the Defendants are requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim. The parties are also requesting that the Court retain jurisdiction to enforce the terms of the settlement. To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-3. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. §216(b)

when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

The Plaintiff worked for the Defendants as a pool technician. The Plaintiff was represented by counsel throughout this litigation. There are disputed issues of fact and law as to the Plaintiff's alleged claims against the Defendants. The Court reviewed the Settlement Agreement and Mutual General Release (Doc. 11-1) which is attached to the Motion to Review and Approve FLSA Settlement and Dismiss Action with Prejudice (Doc. 11). The parties settled this case for a total of $20,000.00. The Plaintiff will receive a total of $14,000.00 which includes unpaid overtime compensation, liquidated damages and additional consideration for the Settlement Agreement. Counsel for the Plaintiff shall receive the sum of $6,000 for attorney's fees and costs. The Court finds this settlement to be fair and reasonable.

The parties request that the Court retain jurisdiction to enforce the terms of the settlement. The parties failed to provide any arguments or reasons why the Court should retain jurisdiction. Therefore,

the Court respectfully recommends that the District Court not retain jurisdiction over this settlement.

**IT IS RESPECTFULLY RECOMMENDED:**

That the Motion to Review and Approve FLSA Settlement and Dismiss Action With Prejudice (Doc. 11) be granted and the Settlement Agreement and Mutual General Release (Doc. 11-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues with the exception that the Court not retain jurisdiction to enforce the terms of the settlement. The Court further recommends that if the District Court adopts this Report and Recommendation, then the Clerk be directed to dismiss this action with prejudice and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __9th__ day of June, 2011.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record